DION-GOLDBERGER
ATTORNEYS AT LAW
BY: BENSON I. GOLDBERGER
IDENTIFICATION NO.: 59442
1845 WALNUT STREET, STE. 1199
ATTORNEY FOR PLAINTIFF
PHILADELPHIA, PA. 19103
(215) 546-6033

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDELL LAWSON : | JURY TRIAL DEMANDED |
| 3926 MT. VERNON STREET : | |
| PHILADELPHIA, PA. 19104 : | |
| V. : | CIVIL ACTION |
| CITY OF PHIILADELPHIA : | |
| C/O LAW DEPARTMENT : | |
| ONE PARKWAY : | |
| 1515 ARCH STREET, 15TH FLOOR : | |
| PHILADELPHIA, PA. 19102 : | |
| AND : | |
| POLICE OFFICER REUBEN ONDARZA, JR, : | |
| BADGE #: 2004 : | |
| ONE PARKWAY : | |
| 1515 ARCH STREET, 15TH FLOOR : | |
| PHILADELPHIA, PA. 19102 : | |
| : | |

## CIVIL ACTION COMPLAINT

I.  **PRELIMINARY STATMENT**

1.  This is a civil rights action brought under 42 U.S.C. Section 1983 and raising supplemental state-law claims concerning the actions of defendant Philadelphia Police Officer Reuben Ondarza, Jr., badge #:2004 in unlawfully using excessive and unreasonable force against plaintiff Wendell Lawson. The actions and conduct of the defendant Philadelphia Police Officer Reuben Ondarza, Jr. are the result of the policy, practice, custom, and deliberate indifference on the part of defendant City of Philadelphia.

## II.  JURISDICTION AND VENUE

2. The court has jurisdiction over the Federal Law Claims pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Sections 1331 and 1343, and jurisdiction over the State Law Claims pursuant to the principles of pendant and ancillary jurisdiction.

3. Venue is proper under 28 U.S.C. 1391(b) because all of the causes of action upon which the complaint is based arose in the City and County of Philadelphia, Commonwealth of Pennsylvania, which is in the Eastern District of Pennsylvania.

## III.  PARTIES

4. Plaintiff, Wendell Lawson, is an adult citizen of Pennsylvania, residing as captioned, and is an adult male.

5. Defendant, City of Philadelphia is a municipality, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned and , and employs, directs, manages, and controls the Philadelphia Police Department and defendant Police Officer Reuben Ondarza, Jr.

6. Defendant, Police Officer Reuben Ondarza, Jr., badge #2004, was at all material times a police officer, acting under the color of law and in the course and scope of his employment as a police officer for the City of Philadelphia, and is being sued in both his official and individual capacities.

## IV.  OPERATIVE FACTS

7. On September 27, 2015, in the early morning, Plaintiff Wendell Lawson, was walking in a westerly direction on the north side of South Street, at or near its intersection with 13th Street, in order to find a police officer to alert him to the fact that he had earlier

been punched by several men on or near the 12th Street at its intersection with South Street, in Philadelphia, Pennsylvania.

8. As he approached the intersection of South Street and 13th Street, he observed defendant Police Officer Reuben Ondarza, Jr., badge #2004, riding a police bicycle in a northerly direction on 13th Street and waved at him to get his attention so that he could advise him concerning the earlier incident at 12th and South Streets, Philadelphia, Pa.

9. Upon seeing plaintiff, defendant Police Officer Reuben Ondarza, Jr. stopped, got off of his bicycle, approached plaintiff Wendell Lawson, and said, "You're not from around here," and violently pushed plaintiff to the ground causing plaintiff Wendell Lawson to land directly on his right shoulder and suffer serious injuries to the shoulder more specifically described below.

10. As a result of being pushed to the ground and striking his right shoulder by defendant Police Officer Reuben Ondarza, Jr., badge# 2004, plaintiff Wendell Lawson sustained a grade 3 separation of his acromioclavicular joint in his right shoulder requiring him to undergo acromioclavicular joint reconstruction which surgical procedure was performed on May 26, 2016.

11. Plaintiff Wendell Lawson did not violate any criminal statutes of the City of Philadelphia, Commonwealth of Pennsylvania or the United States on September 27, 2015.

12. There was no legal cause to justify the use of force against plaintiff, and the force used against plaintiff was unreasonable and excessive.

13. At all times relevant to this Complaint, the conduct of the defendants, and the force used against plaintiff was unreasonable and excessive.

14. At all time relevant to this Complaint, the conduct of defendant Police Officer Reuben Ondarza, Jr. was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

15. As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

16. Defendant Police Officer Reuben Ondarza, Jr. has had complaints made against him in the past for the violation of the constitutional rights of citizens of the Commonwealth of Pennsylvania, including the use of unlawful or excessive force by defendant Reuben Ondarza, Jr., and these allegations have specifically been asserted in the following captioned Civil Action Complaints: James Rickets v. City of Philadelphia et al., Case No.: 2:11-cv-06913-TON and Angel Seagraves v. Police Officer Michael Tritz et al., Case No. 2:16-cv-01219-JD, which were filed in the United States District Court for the Eastern District of Pennsylvania.

## CAUSES OF ACTION

### COUNT I
### Plaintiff v. Defendant Police Officer Reuben Ondarza, Jr.
### Federal Constitutional Claims

17. The actions of defendant Police Officer Reuben Ondarza, Jr. violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful use of force by the defendant.

### COUNT II
### Plaintiff v. Defendant City of Philadelphia
### Federal Constitutional Claims

18. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth

Amendments to the United States Constitution, plaintiff's damages, and the conduct of defendant Police Officer Reuben Ondarza, Jr. were directly and proximately caused by actions and/or inactions of defendant City of Philadelphia, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. The use of force by police officers;

b. The proper exercise of police powers, including but not limited to the use of force;

c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force under the circumstances as presented by this case;

g. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violation of constitutional rights of citizens by Philadelphia police officers;

## COUNT III
### Plaintiff v. Defendant Reuben Ondarza, Jr.
### State Law Claims

19. The actions of defendant Police Officer Reuben Ondarza, Jr. constitutes the tort of assault and battery under the laws of the Commonwealth of Pennsylvania.

**WHEREFORE**, plaintiff, Wendell Lawson respectfully requests:

    A. Compensatory damages as to all defendants;

    B. Punitive damages as to defendant Reuben Ondarza, Jr.;

    C. Reasonable attorney's fees and costs as to all defendants;

    D. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED,

Date: September 21, 2017

BY: _____
Benson I. Goldberger, Esquire
Attorney for Plaintiff Wendell Lawson