**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **WENDELL LAWSON, et al.,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 17-4228** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

# ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Defendant City of Philadelphia and Reuben Ondzarza, Jr.'s Motion to Dismiss, it is

**HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
Dubois, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDELL LAWSON, et al., : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 17-4228** |
| : | |
| CITY OF PHILADELPHIA et al. : | |
| : | |
| Defendants. : | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Reuben Ondarza, Jr., by and through undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, the Defendants incorporate the attached Memorandum of Law. The Defendants respectfully request that this Court dismiss the claims asserted against them.

Date: December 22, 2017                                         Respectfully submitted,

/s/ Aaron Shotland
Aaron Shotland, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDELL LAWSON, et al.,** | : | |
| **Plaintiff,** | : | |
| | : | Civil Action |
| v. | : | No. 17-4228 |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Wendell Lawson has disregarded established Third Circuit case law by suing the City of Philadelphia ("City") without making factual allegations regarding a municipal policy or custom that was the moving force behind the Constitutional violations alleged. Moreover, Plaintiff has failed to allege facts regarding the conduct of a municipal policymaker in his amended complaint. Therefore, the Court should dismiss Plaintiffs' claims against the City with prejudice. Additionally, Plaintiff's claims against Reuben Ondarza, Jr. for violations of the Pennsylvania Constitution fail because there exists no private cause of action under Pennsylvania statutory authority for violations of civil rights under the Pennsylvania Constitution.

**I.    BACKGROUND**

In his amended complaint, Plaintiff attempts to state a claim against the City. *See* Complaint ¶¶27-37 (Docket No. 6). Plaintiff alleges that he was assaulted by Philadelphia Police Officer Reuben Ondarza, Jr. on September 27, 2015, at or around the intersection of 13th St. and South St. in Philadelphia, PA.. *Id*. at ¶¶7-15. Plaintiff fails to include sufficient factual averments in his amended complaint regarding a municipal policy or custom of the City that led to the constitutional violations he alleges. Rather than identify an actual policy or set forth

factual allegations which sufficiently allege that the City has a well-settled custom of unconstitutional behavior, Plaintiff makes threadbare assertions that the City maintained for many years a recognized and accepted policy, custom, and practice of condoning and or acquiescence of violating the constitutional rights of citizens. *Id*. at ¶27. He also alleges that it was the policy and/or custom of the City of Philadelphia to inadequately sanction its police officers. *Id*.at ¶33. Missing from the above allegations are pertinent details such as how the City of Philadelphia was deficient in supervising and/or training its officers, how it has been deficient in investigating acts of misconduct, or any examples of how the City's alleged lack of supervision, training or investigation lead to a constitutional violation.

Plaintiff also alleges that Police Officer Ondarza Jr. has had three complaints filed against him in Federal Court involving allegations of excessive force. *Id*. at ¶16-19. Plaintiff does not allege that there was ever a judicial determination in those cases of unconstitutional conduct by Reuben Ondarza, Jr., or that the City had knowledge of prior unconstitutional findings and failed to act. Plaintiff also fails to explain how any of Officer Ondarza's prior actions are relevant or could have conceivably been so widespread as to have led to a policy or custom that caused his injuries. Plaintiff also fails to allege that a municipal policymaker has endorsed the claimed unconstitutional custom or policies.

## II. ARGUMENT

The Court should grant the instant motion and dismiss Plaintiff's complaint against the City of Philadelphia for at least two reasons. First, Plaintiff's complaint fails to include sufficient allegations regarding a municipal custom or policy. Second, Plaintiff's complaint also

fails because it contains no factual allegations relating to the endorsement of an unconstitutional policy or custom by a municipal policymaker.

### 1. Plaintiffs' *Monell* Claim Fail Because He Plead No Facts Regarding a Municipal Policy or Custom.

There is no *respondeat superior* liability under Section 1983. A municipality can only be liable under § 1983 when the municipality itself **causes** the complained-of violation. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To prevail against the City under § 1983, the plaintiff must prove that his rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens. *Estate of Henderson v. City of Philadelphia*, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (*citing Simmons v. City of Philadelphia*, 947 F.2d 1042, 1064 (3d Cir. 1991)). A municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury. *Monell*, 436 U.S. at 694. "A plaintiff seeking damages from a municipality must prove that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate the plaintiff's constitutional rights; the policy must be the "moving force" behind the constitutional tort." Estate of Henderson, 1999 U.S. Dist. LEXIS 10367 at *55.

To establish *Monell* liability, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984); *Martin v. City of Philadelphia, et al*, 2000 U.S. Dist. Lexis 10242, at *17 (E.D. Pa. 2000). Plaintiff must "present scienter-like evidence of indifference on part of a particular policymaker or policymakers." Simmons, 947 F.2d at 1060-61.

In the absence of any unconstitutional statute or rule, it is plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident. *House v. New Castle County*, 824 F.Supp. 477, 486 (D.Del. 1993) (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action). Absent any evidence of a widespread pattern of deliberate indifference, Plaintiff's municipal liability claim must fail. *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (dismissing § 1983 action against municipality because the basis for liability consisted primarily of "vague assertions about the police department's failure to investigate other wrongdoings" and the incident in the case itself); *Heron v. City of Philadelphia*, 987 F. Supp. 400, 404 (E.D. Pa. 1997) (dismissing excessive force claim based on lack of evidence demonstrating policymaker's awareness of questionable policy).

The Court should dismiss the City of Philadelphia from this case because Plaintiff simply parrots the legal standard for municipal liability under § 1983 without pleading sufficient supporting facts. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim. *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on the same sort of conclusory allegations that the Third Circuit rejected in *Wood. Compare*.Amd.Cmplt. at ¶¶16-

18, 27-37 (setting forth *Monell* allegations), *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting similar *Monell* allegations). Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. *See* AmdCmplt. at ¶¶16-18, 27-37. While Plaintiff does allege that Officer Ondarza has been sued before, he fails to specify whether any of those actions were in any way unconstitutional or deserving of discipline, whether or not Officer Ondarza was disciplined as a result of those actions, how the discipline or lack of discipline was in any way deficient, and finally, how those prior instances equate to the City of Philadelphia having an unconstitutional policy or custom that was the moving force behind his injuries. The remaining allegations against the City in Plaintiff's Complaint are conclusory allegations that the Third Circuit rejected in *Wood*. Finally, Plaintiff fails to plead facts regarding how the alleged unconstitutional custom or policy was formed, who it was formed by, when it was formed, and how that policy or custom caused Plaintiff's injuries.

Therefore, the Court should dismiss Plaintiff's claims against the City. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct.

24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

2. **Plaintiff's *Monell* Claim Fails Because He Does Not Allege Conduct by a Municipal Policymaker.**

Plaintiff also fails to state a *Monell* claim because his allegations lack specific conduct by an official policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, Plaintiff makes no factual allegations about the conduct of an official policymaker that resulted in the ratification of an unconstitutional policy or custom. *See* Amd. Cmplt. at ¶¶16-18, 27-37. Therefore, the Court should dismiss Plaintiff's claims against the City for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy

6

or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

### 3. Plaintiff's Claims Against Rueben Ondarza, Jr. Under the Pennsylvania Constitution Fail.

There exists no private cause of action under Pennsylvania statutory authority for violations of civil rights under the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa. Cmwlth. 2006). Therefore, Plaintiff's Count I claim against Reuben Ondarza, Jr. for violations of Plaintiff's Constitutional Rights under the Pennsylvania Constitution fail as a matter of law, as no such private cause of action exists.

## III. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's claims against the City of Philadelphia, and the claim against Rueben Ondarza, Jr. for violations of the Pennsylvania Constitution.

Date: December 22, 2017                                      Respectfully submitted,

/s/ Aaron Shotland
Aaron Shotland, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| WENDELL LAWSON, et al., | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 17-4228** |
| | : | |
| CITY OF PHILADELPHIA et al. | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: December 22, 2017                                      Respectfully submitted,

                                                                                  /s/ Aaron Shotland
                                                                                  Aaron Shotland, Esquire
                                                                                  Deputy City Solicitor
                                                                                  Pa. Attorney ID No. 205916
                                                                                  Philadelphia Law Department
                                                                                  1515 Arch Street, 14th Floor
                                                                                  Philadelphia, PA 19102
                                                                                  (215) 683-5434