# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDELL LAWSON,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA and<br>POLICE OFFICER REUBEN ONDARZA,<br>Badge No. 2004,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-4228 |

DuBois, J.                                  February 15, 2018

## **M E M O R A N D U M**

### I.   INTRODUCTION

In this suit arising under 42 U.S.C. § 1983 and Pennsylvania state law, plaintiff Wendell Lawson asserts claims against defendants City of Philadelphia ("City") and Police Officer Reuben Ondarza for Ondarza's alleged excessive use of force and the City's alleged failure to properly train, supervise, and discipline Officer Ondarza. Presently before the Court is defendants' Motion to Dismiss for Failure to State a Claim. The Court concludes plaintiff's Amended Complaint states a claim against the City under § 1983 for failure to supervise and discipline, but not for failure to train. Accordingly, defendants' Motion is granted in part and denied in part.

### II.   BACKGROUND

The facts below are drawn from plaintiff's Amended Complaint. The Court construes that complaint in the light most favorable to plaintiff, as it must in a motion to dismiss. The facts set forth in the Amended Complaint may be summarized as follows:

On the morning of September 27, 2015, plaintiff was walking along South Street in Philadelphia, Pennsylvania. Am. Compl. ¶ 7. As plaintiff was walking, he was approached by defendant Reuben Ondarza, Jr., a police officer employed by the City. *Id.* ¶¶ 6, 9. Ondarza stopped plaintiff without cause and shoved him to the ground, saying to plaintiff, "You're not from around here." *Id.* ¶ 9. As a result, plaintiff suffered a separation of his right shoulder that required reconstructive surgery. *Id.* ¶ 10. Prior to his encounter with plaintiff, Officer Ondarza was the subject of other complaints for the use of excessive force, including incidents in 2011 and 2013 that resulted in civil actions filed in this District.[1] *Id.* ¶¶ 16-18.

Plaintiff further alleges that former City of Philadelphia Police Commissioner Charles Ramsey had final authority over police department policy, including the training, supervision, and discipline of Ondarza. *Id.* ¶¶ 29-30. According to plaintiff, Ramsey "knew or should have known" of the previous complaints against Ondarza and was deliberately indifferent to the need to provide additional training, supervision, and discipline to him and other officers. *Id.* ¶¶ 28, 31-32.

Plaintiff filed his Amended Complaint on December 15, 2017. The Amended Complaint contains three counts: Count I sets forth claims against Ondarza under the Pennsylvania

---

[1] Plaintiff identifies the prior civil actions as *Ricketts v. City of Philadelphia and Police Officer Ondarza et al.*, Case No. 11-cv-6913, and *Seagraves v. City of Philadelphia and Police Officer Ondarza et al.*, Case No. 16-cv-01219 (DuBois, J.). In *Ricketts*, the parties settled without that court issuing a written opinion, and that court dismissed the action pursuant to Local Rule 41.1(b). *Ricketts*, Case No. 11-cv-6913 (Mar. 9, 2012), Do. No. 6. In *Seagraves*, this Court dismissed plaintiff's claims against the City of Philadelphia for failure to properly screen and hire, train, and supervise and discipline police officers. *Seagraves*, Case No. 16-cv-01219 (May 11, 2016), Doc No. 7 at 3. The dismissal in *Seagraves* was based on the Court's determination that plaintiff failed to allege facts regarding a specific municipal policy, a municipal policymaker, or more than one incident, and was without prejudice. *Id.* at 5-6. Thereafter, that plaintiff filed an Amended Complaint, the parties settled, and this Court dismissed the action pursuant to Local Rule 41.1(b).

Constitution and 42 U.S.C. §§ 1983, 1988,[2] for the use of excessive force in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and the "law and Constitution of the Commonwealth of Pennsylvania"; Count II sets forth claims against the City under § 1983 for failure to train, supervise, and discipline its officers generally and Ondarza specifically regarding the use of force; and Count III sets forth claims against Ondarza under state law for assault and battery.

In Count II, the Amended Complaint identifies a number of training, supervisory, and disciplinary procedures that Ramsey and, through him, the City allegedly failed to implement, including: the "failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct, especially as it relates to defendant Police Officer Reuben Ondarza, Jr.'s prior complaints of the use of excessive force and violation of citizen's civil rights," *id.* ¶ 33(d), the "failure to properly supervise and/or control its police officers as it relates to the use of excessive or unreasonable force," *id.* ¶ 33(i), the failure to have "proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing" for officers with prior complaints of excessive force, *id.* ¶ 33(j), and the "failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid," *id.* ¶ 33(m).

In their Motion, defendants raise three arguments: first, that Count II must be dismissed because plaintiff has not alleged facts regarding a municipal policy or custom; second, that Count II must be dismissed because plaintiff has not alleged conduct by a municipal policymaker; and third, that the claims in Count I against Ondarza under the Pennsylvania

---

[2] Because § 1988 only authorizes federal courts to "resort to remedies and procedures of the state and the common law . . . [and] does not create an independent cause of action," *Ammlung v. Chester*, 355 F. Supp. 1300, 1304 (E.D. Pa. 1973), *aff'd* 494 F.2d 811 (3d Cir. 1973), this Court does not address it in deciding defendants' Motion.

Constitution and Pennsylvania law must be dismissed because there is no private cause of action under the Pennsylvania Constitution or Pennsylvania law for violations of civil rights.

In his Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim and in Count II, plaintiff alleges that the City is liable for failing to properly train, supervise, and discipline its officers regarding the use of force. According to plaintiff, this failure to train, supervise, and discipline in the use of force was the result of the deliberate indifference of Commissioner Ramsey. With respect to Count I, plaintiff concedes there is no private cause of action for violations of civil rights under the Pennsylvania Constitution and Pennsylvania law. Thus, that part of Count I is dismissed. Defendants' Motion is ripe for decision.

### III. LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 674 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 557 (2007). Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

IV.   **DISCUSSION**

   A.   **Municipal Custom or Policy**

      1.   *Applicable Law*

In their first argument, defendants contend that plaintiff does not state a claim against the City under § 1983 because he has not alleged the existence of a municipal policy or custom that caused his injury. Plaintiff responds that the Amended Complaint adequately alleges that the City's deliberate indifference to the need to train, supervise, and discipline Ondarza and other officers in the use of force constitutes a municipal policy or custom. The Court agrees with defendant that plaintiff's allegations regarding only Ondarza's conduct are insufficient to support his claim against the City for failure to train. However, the Court concludes that plaintiff has adequately alleged that the City's failure to supervise or discipline Ondarza in the use of force constitutes a municipal policy or custom that caused his injury under § 1983. Thus, defendants' Motion to Dismiss is granted in part and denied in part.

To state a claim under § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived him of a right secured by the United States Constitution or federal law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). It is well established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978). Instead, to establish municipal liability under § 1983, a plaintiff must demonstrate (1) a constitutional violation by a municipal actor (2) that was caused by a municipal policy or custom. *Id.* at 694. A municipality's failure to train, supervise, or discipline its police force may be "properly thought of as a city 'policy or custom' that is actionable under § 1983" only where the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v.*

5

*Harris*, 489 U.S. 378, 388-89 (1989); *cf. Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989) (holding that "the characterization of a particular aspect of supervision is unimportant" in defining the standard of liability). A plaintiff "must identify a failure to provide specific [training, supervision, or discipline] that has a causal nexus with their injuries and must demonstrate that the absence of that specific [training, supervision, or discipline] can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. Cty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Where the risk to constitutional rights is not obvious from the nature of the activity, "deliberate indifference on the part of city policymakers to the need for" training, supervision, or discipline may be inferred from "a pattern of constitutional violations." *Sample*, 885 F.2d at 1116.

### 2. Failure to Train

Plaintiff has not alleged adequate facts to support an inference that the City, acting through Ramsey, was deliberately indifferent in failing to "have in existence and/or maintain proper personnel training procedures." Am. Compl. ¶ 33(m). The Supreme Court has held that a claim for failure to train turns on the deficiency of the "program" as a whole and its application "over time to multiple employees." *Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997). Consequently, allegations that "a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton*, 489 U.S. at 390-91. "Neither will it suffice to [allege] that an injury or accident could have been avoided if an officer had had better or more training." *Id.* at 391.

In this case, plaintiff has alleged facts regarding the conduct and training of only one police officer—Ondarza. The Amended Complaint does not include any allegations regarding

6

the conduct or training of other officers or the nature of the City's training program for officers. Plaintiff's allegations pertaining to only one officer are the type of limited allegations the Supreme Court has expressly excluded from the "narrow range of circumstances" giving rise to liability for a failure to train. *Bryan Cnty.*, 520 U.S. at 409. Based on plaintiff's limited allegations, the Court dismisses plaintiff's claims in Count II based on the City's alleged failure to train police officers in the use of force.

### 3. *Failure to Supervise or Discipline*

Plaintiff, however, has alleged adequate facts to state a claim that the City, acting through Ramsey, was deliberately indifferent in failing to properly supervise and discipline police officers with respect to the use of excessive or unreasonable force. *See* Am. Compl. ¶¶ 33(c)-(d), (f)-(*l*). Because claims for failure to discipline turn, in part, on the defendants' supervision of employees, including monitoring and responding to unacceptable performance, *see Beck v. City of Pittsburgh*, 89 F.3d 966, 971, 974 (3d Cir. 1996), the Court will address plaintiff's claim for failure to supervise in considering plaintiff's claim for failure to discipline.

Unlike claims for failure to train, the Third Circuit has held that evidence of multiple instances of misconduct by a single officer precludes the entry of judgment against a plaintiff as a matter of law in a claim for failure to supervise or discipline. In *Beck v. City of Pittsburgh*, 89 F.3d 966, 971, 972 (3d Cir. 1996), the plaintiff provided evidence that he had been injured by an officer's use of excessive force and asserted that if the city "had proper investigative and police disciplining procedures in place," he would not have been assaulted. The record in that case showed that the police officer had been the subject of five complaints involving the use of excessive force in five years, including three prior to plaintiff's injury. *Id.* at 970, 973. The Third Circuit reversed the district court's grant of judgment as a matter of law in favor of

defendant City of Pittsburgh. *Id.* at 976. Applying the deliberate indifference standard articulated in *City of Canton*, the Third Circuit concluded, "Without more, these written complaints were sufficient for a reasonable jury to infer that the Chief of Police of Pittsburgh and his department knew, or should have known, of Officer Williams's violent behavior in arresting citizens, even when the arrestee behaved peacefully, in orderly fashion." *Id.* at 973; *see also Vann v. City of N.Y.*, 72 F.3d 1040, 1051 (2d Cir. 1995) ("[I]n the absence of any significant administrative response to [an officer's] resumption of his abusive misconduct upon reinstatement, it was entirely foreseeable that [the officer] would engage in misconduct yet again.")

Following *Beck*, this Court concludes that plaintiff in this case has adequately pled that the City was deliberately indifferent in failing to supervise or discipline Ondarza regarding his use of force. The Amended Complaint alleges that Ondarza was the subject of other complaints, two of which preceded the incident giving rise to this case, and two civil actions for the use of excessive force. Am. Compl. ¶ 16. Plaintiff further alleges that a municipal policymaker—former City of Philadelphia Police Commissioner Charles Ramsey—was responsible for Ondarza's supervision and discipline during the time relevant to plaintiff's claims. *Id.* ¶¶ 29-32. These allegations are sufficient to reasonably infer that the City's failure to supervise and discipline Ondarza in light of the prior complaints against him for excessive use of force amounted to deliberate indifference that may be "properly thought of as a city 'policy or custom' that is actionable under § 1983."

The facts in this case differ from those in *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985), a case relied on by defendants to argue that a single prior incident is insufficient as a matter of law to establish municipal liability. In *Tuttle*, a majority of the Supreme Court

concluded in a claim for failure to train that "considerably more proof than the single incident will be necessary in every case to establish . . . the requisite fault on the part of the municipality." *Id.* at 824 (plurality opinion); *accord id* at 832 (Brennan, J., concurring) ("[A] single incident of police misbehavior by a single policeman is insufficient as *sole* support for an inference that a municipal policy or custom caused the incident." (emphasis in original)). Plaintiff in this case has alleged more than a "single incident of police misbehavior" as the "sole" support for his claim. He has pointed to two prior incidents of excessive use of force by Officer Ondarza in support of his claim that the City has failed to properly supervise and discipline Officer Ondarza.

Finally, plaintiff has adequately "identif[ied] a failure to provide specific" supervisory or disciplinary measures. *Reitz*, 125 F.3d at 145. According to the Amended Complaint, the City, acting through Ramsey, failed to provide "monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems," "remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct, especially as it relates to defendant Police Officer Reuben Ondarza, Jr.'s prior complaints of the use of excessive force," "proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department with prior and ongoing complaints of excessive force," and "systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions." Am. Compl. ¶¶ 33(c)-(d), (j)-(k).

Plaintiff's allegations in this case contrast with those rejected by the Third Circuit. *E.g.*, *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014); *McTernan v. City of York*, 564 F.3d 636, 659 (3d Cir. 2009). In *McTernan*, the Third Circuit affirmed dismissal of claims against a municipality because that plaintiff alleged only that he was injured by "the City's policy of

9

ignoring First Amendment right[s]." 564 F.3d at 658. Similarly, in *Wood*, the Third Circuit affirmed dismissal of claims against a municipality because plaintiff alleged only that defendants maintained a "policy and/or custom . . . to inadequately screen during the hiring process and to inadequately train, retrain and/or supervise BAVTS employees . . . thereby failing to adequately discourage Constitutional violations on the part of BAVTS employees." 568 F. App'x at 103 (omissions in original). Read in light of the allegations of past complaints against Ondarza, plaintiff has adequately identified a failure to provide specific supervisory or disciplinary measures. These allegations of the City's failure to supervise or discipline amount to more than "simply paraphras[ing] § 1983," *McTernan*, 564 F.3d at 659, and are sufficient to survive a Motion to Dismiss.[3]

## B. Conduct by a Municipal Policymaker

Defendants next argue that the Amended Complaint sets forth "no factual allegations about the conduct of an official policymaker that resulted in the ratification of an unconstitutional policy or custom." Doc. No. 8 at 6. The Court disagrees.

To establish municipal liability under § 1983, a plaintiff must allege "execution of a government's policy or custom . . . by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" or "indifference on the part of a particular policymaker or

---

[3] In addition to plaintiff's claims for failure to train, Am. Compl. ¶ 33(m), and for failure to supervise or discipline, *id.* ¶¶ 33(c)-(d), (f)-(*l*), the Amended Complaint alleges that the City failed to "take measures to stop or limit the policy, custom, and practice" of: the "use of force by police officers," the "proper exercise of police powers, including but not limited to the use of force," police officer's "use of their status as police officers to employ the use of force," "acting without due regard for the rights, safety and position of the plaintiff herein, in accordance with the laws of the State of Pennsylvania," and "violating the ordinances of City of Philadelphia, its directives of their police department and the Statutes of the Commonwealth of Pennsylvania." *Id.* ¶¶ 33(a)-(b), (e), (n)-(o). Setting aside the opacity of these allegations, they do nothing more than recite the elements of a claim under § 1983 for the use of excessive force, and are not considered by the Court in deciding defendant's Motion. *Wood*, 568 F. App'x at 103.

10

policymakers." *Simmons v. Philadelphia*, 947 F.2d 1042, 1059-61 (3d Cir. 1991). "The question of who is a 'policymaker' is a question of state law [to] determine which official has final, unreviewable discretion to make a decision or take an action." *Andrews v. Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). For purposes of determining municipal liability for police department policies, police commissioners such as Commissioner Ramsey are policymakers. *Id.*

In this case, plaintiff has alleged deliberate indifference on the part of Commissioner Ramsey and, through him, the City. Plaintiff has averred that Ramsey had policymaking authority over the police officers' training, supervision, and discipline. Plaintiff has further alleged that Ramsey knew or should have known of the prior claims against Ondarza, but nonetheless failed to take any remedial or disciplinary action against him. Plaintiff thus alleges sufficient facts to infer "indifference on the part of a particular policymaker" on behalf of the City that may be properly thought of as a municipal policy or custom.

    **C.**  **Claims Under the Pennsylvania Constitution and Pennsylvania Law**

Defendants and plaintiff agree that there is no private cause of action under Pennsylvania statutory authority or the Pennsylvania Constitution for violations of civil rights. Therefore, Count I of the Amended Complaint is dismissed to the extent it sets forth claims against Ondarza under "the law and Constitution of the Commonwealth of Pennsylvania." That claim is dismissed with prejudice by agreement.

  **V.**  **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss for Failure to State a Claim, filed by defendants City of Philadelphia and Police Office Reuben Ondarza, Jr., is granted in part and denied in part. Count I of the Amended Complaint is dismissed with prejudice by agreement to the extent it sets forth claims against Ondarza under the law and Constitution of the

11

Commonwealth of Pennsylvania.  Count II is dismissed without prejudice to the extent it purports to set forth a claim for failure to train against the City.  This Memorandum does not affect Count I to the extent it sets forth claims under 42 U.S.C. § 1983 against Ondarza or Count II to the extent it sets forth a claim for failure to supervise or discipline against the City.  Count III is likewise unaffected by this Memorandum.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  The Court does not find amendment would be inequitable or futile with respect to the failure to train claim in Count II.  Thus, plaintiff is granted leave to file a seconded amended complaint within twenty (20) days with respect to that claim if warranted by the facts and applicable law as stated in this Memorandum.  An appropriate order follows.