# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDELL LAWSON,<br>        Plaintiff,<br><br>        v.<br><br>CITY OF PHILADELPHIA and<br>POLICE OFFICER REUBEN ONDARZA,<br>Badge No. 2004,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-4228 |

DuBois, J.                                                                                                                                                                                                                      January 7, 2020

## **M E M O R A N D U M**

### I. INTRODUCTION

This case arises from an alleged encounter on the morning of September 27, 2015 between plaintiff Wendell Lawson and defendant Police Officer Reuben Ondarza. Lawson asserts claims against Ondarza for excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and for assault and battery under Pennsylvania state law. Lawson also asserts a *Monell* claim under 42 U.S.C. § 1983 against the City of Philadelphia ("the City") for the City's alleged failure to properly supervise and discipline its police officers generally, and Ondarza specifically, regarding the use of force. Presently before the Court is the City's Motion for Summary Judgment. For the reasons that follow, the Court grants the City's Motion for Summary Judgment.

### II. BACKGROUND

#### A. Facts[1]

Plaintiff testified in his deposition that on the morning of September 27, 2015, he was

---

[1] All facts are taken from the parties' statements of facts, summary judgment filings, and attached exhibits. As required on a motion for summary judgment, the facts are interpreted in the light most favorable to the nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

assaulted by a group of men in Philadelphia, Pennsylvania. Pl.'s Resp. Ex. C at 45:20-46:7. After the assault, plaintiff called the police. *Id.* at 51:16-52:9. As plaintiff was speaking with police dispatch on the telephone, he was approached by defendant Reuben Ondarza, a police officer employed by the City. *Id.* at 52:23-53:5; Def. Statement Facts ¶ 1. Plaintiff testified that Ondarza told plaintiff, "You're not from around here," and pushed him to the ground. *Id.* As a result, plaintiff suffered a separation of his right shoulder that required reconstructive surgery. Am. Compl. ¶10; Pl.'s Resp. Ex. D.

### B. Procedural History

Plaintiff filed an Amended Complaint on December 15, 2017 (Document No. 5). Defendants filed a Motion to Dismiss on December 22, 2017 (Document No. 8). The Motion was granted in part and denied in part by Memorandum and Order dated February 15, 2018 (Document Nos. 10,11). The following claims remain in the case: the claim of excessive force against Ondarza in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I); the failure-to-supervise and failure-to-discipline claims against the City (Count II); the claim against Ondarza under Pennsylvania state law for assault and battery (Count III).

On July 11, 2019, the City filed a Motion for Summary Judgment "on all claims made by" plaintiff. Plaintiff responded on July 30, 2019 (Document No. 21). The City replied on August 7, 2019 (Document No. 22). The Motion is thus ripe for decision.

### III. LEGAL STANDARD

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.* at 249.  However, the existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient.  *Id.*  In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment[] and resolve all reasonable inferences in that party's favor."  *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  The party opposing summary judgment must, however, identify evidence that supports each element on which it has the burden of proof.  *Celotex Corp.*, 477 U.S. at 322.

## IV.  DISCUSSION

The Court interprets the City's Motion for Summary Judgment "on all claims" made by plaintiff as a motion for summary judgment on Count II of the Amended Complaint because the City is only named as a defendant in that count and, in its Motion, the City does not address the claims against Officer Ondarza in Counts I and III.

Count II of the Amended Complaint sets forth claims against the City under 42 U.S.C. § 1983 for failure to supervise and discipline its officers generally and Ondarza specifically, regarding the use of force.[2]  Am. Compl. ¶¶ 26-37.  The City argues that it is entitled to summary judgment because plaintiff has failed to adduce sufficient evidence to support his *Monell* claims.  Plaintiff, relying on *Beck v. City of Pittsburgh*, responds that summary judgment is inappropriate

---

[2] As discussed in this Court's Memorandum dated February 15, 2018, "[b]ecause claims for failure to discipline turn, in part, on the defendants' supervision of employees, including monitoring and responding to unacceptable performance, *see Beck v. City of Pittsburgh*, 89 F.3d 966, 971, 974 (3d Cir. 1996), the Court will address plaintiff's claim for failure to supervise in considering plaintiff's claim for failure to discipline."  *Lawson v. City of Philadelphia*, No. CV 17-4228, 2018 WL 925012, at *4 (E.D. Pa. Feb. 16, 2018) (DuBois, J.).

3

because of the "record of multiple complaints of use of excessive force by Defendant Ondarza, without a single action of discipline taken against Defendant Ondarza," are sufficient to establish his *Monell* claims. Pl.'s Resp. at 9. For the following reasons, the Court grants the City's Motion for Summary Judgment on Count II of the Amended Complaint.

### A. Evidence of Record

Plaintiff has produced two categories of evidence in support of his *Monell* claims: (1) evidence of Ondarza's disciplinary history with the City of Philadelphia Police Department, and (2) two previous excessive force lawsuits filed in the United States District Court for the Eastern District of Pennsylvania. *See supra*, Section II. The Court addresses each category of evidence in turn.

The first category of evidence shows that Ondarza was the subject of several citizen complaints for the use of excessive force made to the police department and investigated by Internal Affairs. Ondarza had such five complaints brought against him from 2011-2015, including plaintiff's complaint. Pl.'s Resp. Ex. B (Concise Officer History of Defendant Reuben Ondarza). He received a sixth complaint in 2017—two years after his alleged encounter with plaintiff. *Id.* Five of the six citizen complaints against Ondarza, including the plaintiff's complaint, were "not sustained," and Ondarza was "exonerated" as to one complaint. *Id.* Ondarza was not disciplined for any of these citizen complaints. *See* Pl.'s Resp. Ex. A at 61:6-23, Ex. B.

The second category of evidence demonstrates that Ondarza had two civil lawsuits filed against him for the use of excessive force, one in 2011 and one in 2016—*Ricketts v. City of Philadelphia and Police Officer Ondarza et al.*, Case No. 11-cv-6913, and *Seagraves v. City of Philadelphia and Police Officer Ondarza et al.*, Case No. 16-cv-01219 (DuBois, J.). In *Ricketts*,

4

the parties settled without that court issuing a written opinion, and that court dismissed the action pursuant to Local Rule 41.1(b). *Ricketts*, Case No. 11-cv-6913 (Mar. 9, 2012), Doc. No. 6. In *Seagraves*, this Court dismissed the plaintiff's claims against the City of Philadelphia for failure to properly screen and hire, train, and supervise and discipline police officers. *Seagraves*, Case No. 16-cv-01219 (May 11, 2016), Doc. No. 7 at 3. The dismissal in *Seagraves* was based on the Court's determination that the plaintiff failed to allege a specific municipal policy, a municipal policymaker, or more than one incident, and was without prejudice. *Id.* at 5-6. Thereafter, that plaintiff filed an Amended Complaint, the parties settled, and this Court dismissed the action pursuant to Local Rule 41.1(b). Neither lawsuit resulted in a factual finding that Ondarza used excessive force or otherwise violated the constitutional rights of any individual.

### B. Law Governing *Monell* Claims

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant, acting under color of state law, deprived him of a right secured by the United States Constitution or federal law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). As the Third Circuit recently explained in *Forrest v. Parry*, "a § 1983 claim against a municipality may proceed in two ways." 930 F.3d 93, 105 (3d Cir. 2019). A plaintiff must demonstrate either (1) "that an unconstitutional policy or custom of the municipality led to his or her injuries," or (2) "that [his or her injuries] were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Id.* For claims "predicated on a failure or inadequacy," the plaintiff must demonstrate that the failure or inadequacy amounts "to deliberate indifference on the part of the municipality." *Id.* at 106; *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989) (discussing necessity of proving "deliberate indifference"). A plaintiff may demonstrate deliberate indifference for a failure to train, supervise, or discipline claim by showing that "(1)

5

municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Forrest*, 930 F.3d at 106. "A showing of simple or even heightened negligence [is] not suffic[ient]" to prove deliberate indifference. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 407 (1997).

### C. *Beck v. City of Pittsburgh*

In *Beck v. City of Pittsburgh*, the seminal failure-to-discipline case in the Third Circuit, the police officer whom plaintiff accused of using "excessive force against him while making an arrest," had been subject to five citizen complaints for excessive use of force in less than five years. 89 F.3d 966, 967, 972 (3d Cir. 1996). Although the complaints were resolved unfavorably for the complaining citizen, the Third Circuit concluded, that "[w]ithout more, these written complaints were sufficient for a reasonable jury to infer that the Chief of Police . . . and his department knew, or should have known, of [the officer's] violent behavior in arresting citizens." *Id.* at 973. "Because the complaints . . . came in a narrow period of time and were of a similar nature, a reasonable jury could conclude that the Chief of Police knew, or should have known of [the officer's] propensity for violence when making arrests." *Id.* Thus, the Third Circuit held that a pattern of similar prior citizen complaints against an officer "may be relied upon to demonstrate the [Chief of Police's] knowledge. *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 343 (E.D. Pa. 2006) (citing *Beck*, 89 F.3d at 973).

The Third Circuit's opinion went on to review the additional evidence plaintiff submitted in support of the deliberate indifference element. Critically, "[o]n reviewing the record, [it found] considerably more than Beck's complaints from which a reasonable jury could have

6

found that the City's procedures are inadequate to protect civilians from police misuse of force." *Id.* at 974. The evidence plaintiff offered was: (1) testimony that the City's investigation method failed to track and account for patterns of similar complaints against individual officers, and (2) an internal report stating that the entire police department had a problem with excessive force, and the procedures in place were likely inadequate to respond to the problem. *Id.* at 973-75. The additional evidence in the record showed that the City's investigative process was flawed. *Id.* at 973-75. After reviewing this evidence, the Third Circuit concluded that "the officer's prior complaints, combined with the evidence that the department's investigative process was lacking, was sufficient to bring the case to the jury." *McDaniels v. City of Phila.*, 234 F. Supp. 3d 637, 651 (E.D. Pa. 2017) (citing *Beck*, 89 F.3d 966 at 973-74).

**D. Application**

The Court rejects plaintiff's argument that the pattern of similar prior complaints of excessive force against Ondarza—without more—is sufficient to submit his *Monell* claim to the jury. Pl.'s Resp. at 9. As discussed *supra*, a pattern of civilian complaints "may be relied upon to demonstrate the police commissioner's knowledge." *Glass*, 455 F. Supp. 2d at 343 (citing *Beck*, 89 F.3d at 973). However, there must still be some evidence of deliberate indifference or acquiescence on the part of the police commissioner. *Id.*; *Forrest*, 930 F.3d at 106 (reaffirming deliberate indifference requirement for claims "predicated on a failure or inadequacy").

In this case, plaintiff's only evidence in support of his *Monell* claim is a pattern of similar prior complaints against Ondarza and two civil lawsuits against Ondarza.[3] *See supra*, Section IV(A). Significantly, plaintiff fails to offer evidence, or even argue, that the City's disciplinary

---

[3] The evidence of the two prior excessive force lawsuits against Ondarza does not support plaintiff's *Monell* claim. Both cases settled and did not result did not result in a finding that Ondarza used excessive force in making an arrest or otherwise violated the Constitution. *See* Section IV(A). The fact that lawsuits were filed "without more, indicates nothing, as people may file a complaint for many reasons, or for no reason at all." *Pharaoh v. Dewees*, No. CV 14-3116, 2016 WL 2593842, at *5 (E.D. Pa. May 4, 2016) (DuBois, J.) (internal marks omitted).

7

process was flawed, let alone offer evidence or argue that the City's disciplinary process was so flawed as to amount to deliberate indifference. *See generally* Pl.'s Resp. Exs. A-D. Such a failure is fatal to plaintiff's *Monell* claim because plaintiff bears the burden of proving deliberate indifference on the part of Commissioner Ramsey. *See Forrest*, 930 F.3d at 106 (stating that for claims "predicated on a failure or inadequacy," the plaintiff must demonstrate that the failure or inadequacy amounts "to deliberate indifference on the part of the municipality."); *see also Talley v. City of Phila.*, No. 08-CV-330, 2010 WL 11552957, at *3 (E.D. Pa. Feb. 23, 2010) (granting summary judgement for city where "[p]laintiff [did] not offer[] evidence to establish deliberate indifference. . . . Plaintiff [did] not offer experts or statistics; [did] not demonstrate[] ongoing constitutional violations by the department; and [did] not offer evidence of a flawed internal affairs investigation system where complaints [were] not tracked, as was the case in *Beck*"); *Glass*, 455 F. Supp. 2d at 344 (E.D. Pa. 2006) (granting summary judgment for city where "plaintiffs here did not present any evidence that the [City's] investigation process was flawed other than [one of the plaintiff's] own allegations").[4]

Because plaintiff has "fail[ed] to make a showing sufficient to establish the existence of" an "element essential to [his] case, and on which [he] will bear the burden of proof at trial," the City is entitled to judgment as a matter of law on plaintiff's *Monell* claim. *Celotex*, 477 U.S. at 322-23. Accordingly, the Court grants the City's Motion for Summary Judgment with respect to Count II of the Amended Complaint.

## V. CONCLUSION

For the foregoing reasons, the City's Motion for Summary Judgment is granted. Count II

---

[4] Courts routinely submit *Monell* claims to the jury that are predicated on a failure to discipline where a plaintiff presents some evidence of the inadequacy of the municipalities' disciplinary process. *See, e.g.*, *McDaniels*, 234 F. Supp. 3d at 645 (denying city's summary judgment motion where "[p]laintiff . . . put forward [an] expert opinion that these prior investigations were inadequate, which [was] enough to create a genuine dispute regarding the sufficiency of [the city's disciplinary] processes.").

8

of the Amended Complaint is dismissed with prejudice.  Defendant City of Philadelphia is dismissed from the case and shall be removed from the caption.  Counts I and III of the Amended Complaint against Ondarza only remain.  An appropriate order follows.